IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ONEY J. BAKER,<br><br>Defendant. | CR 13-10-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Oney J. Baker (Baker) has been accused of violating the conditions of his supervised release. Baker admitted all of the alleged violations, except alleged violation 6. The government did not attempt to prove alleged violation 6. Baker's supervised release should be revoked. Baker should be placed in custody for 10 months, with 19 months of supervised release to follow. Baker should serve the first 60 days of supervised release in a secure drug treatment facility, if possible.

## II. Status

Baker pleaded guilty to being a Felon in Possession of a Firearm on May 16, 2013. (Doc. 25). The Court sentenced Baker to 67 months of custody, followed

by 3 years of supervised release. (Doc. 50). Baker's current term of supervised release began on May 13, 2020. (Doc. 68 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on July 27, 2020, requesting that the Court revoke Baker's supervised release. (Doc. 68). The Amended Petition alleged that Baker had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report to his probation officer as directed; 3) by failing to inform his probation officer of a change in residence; 4) by failing to follow the instructions of his probation officer; 5) by failing to report for substance abuse testing; and 6) by committing another crime.

**Initial appearance**

Baker appeared before the undersigned for his initial appearance on July 28, 2020. Baker was represented by counsel. Baker stated that he had read the petition and that he understood the allegations. Baker waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 28, 2020. Baker admitted that he had violated the conditions of his supervised release: 1) by using

2

methamphetamine; 2) by failing to report to his probation officer as directed; 3) by failing to inform his probation officer of a change in residence; 4) by failing to follow the instructions of his probation officer; and 5) by failing to report for substance abuse testing. The government failed to satisfy its burden of proof with respect to alleged violation 6. The violations that Baker admitted are serious and warrant revocation of Baker's supervised release.

Baker's violations are Grade C violations. Baker's criminal history category is V. Baker's underlying offense is a Class C felony. Baker could be incarcerated for up to 24 months. Baker could be ordered to remain on supervised release for up to 29 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Baker's supervised release should be revoked. Baker should be incarcerated for 10 months, with 19 months of supervised release to follow. Baker should serve the first 60 days of supervised release in a secure drug treatment facility, if possible. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Baker that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Baker of

his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Baker that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Oney J. Baker violated the conditions of his supervised release: by using methamphetamine; by failing to report to his probation officer as directed; by failing to inform his probation officer of a change in residence; by failing to follow the instructions of his probation officer; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

> That the District Court revoke Baker's supervised release and commit Baker to the custody of the United States Bureau of Prisons for 10 months, with 19 months of supervised release to follow. Baker should serve the first 60 days of supervised release in a secure drug treatment facility, if possible.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of July, 2020.

John Johnston
United States Magistrate Judge